UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JACOB HARVEY, for himself and on behalf of others similarly situated,**

    **Plaintiff,**

v.

**SOUTHERN LIVING CONTRACTORS, INC., a Florida Profit Corporation,**

    **Defendant,**

_____/

Case No.

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACOB HARVEY ("Plaintiff"), for himself and on behalf of others similarly situated, by and through the undersigned counsel, files this Complaint against Defendant, SOUTHERN LIVING CONTRACTORS, INC. ("Defendant" or "Southern Living"), a Florida Profit Corporation, and states as follows:

## INTRODUCTION

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, for himself and on behalf of other similarly situated current and former non-exempt installer employees of Defendant, Southern Living Contractors, Inc., known and unknown, arising from Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff brings a collective action pursuant to 29 U.S.C. § 216(b) to

recover unpaid overtime compensation on behalf of himself and all other similarly situated current and former installer employees of Defendant who worked for Defendant at any time during the three (3) years prior to the filing of the Complaint in this action through the date of judgment ("Collective Action").

3. Plaintiff brings the instant claims, pursuant to the FLSA, on behalf of himself and others similarly situated, to obtain a judgment against Defendant as to liability, recover unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

## JURISDICTION and VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, as these claims raise a federal question under 29 U.S.C. § 201, *et seq*.

5. This Court has jurisdiction over Plaintiff's FLSA Collective Action claims pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

6. Venue is proper in this Court, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendant regularly conducts business in this judicial district.

## PARTIES and COVERAGE

7. At all times material hereto, Plaintiff was, and continues to be, a resident of Charlotte County, Florida.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

9. At all times material hereto, Plaintiff worked for Defendant as a non-exempt installer. Specifically, Plaintiff worked for Defendant from November 2021 through August 12, 2025.

10. At all times material hereto, Plaintiff was "engaged in commerce" and/or "the production of goods for commerce," including the handling of goods which have moved in interstate commerce, and is subject to individual coverage under the FLSA.

11. At all times material hereto, Defendant Southern Living was, and continues to be a Florida Profit Corporation, with its Principal Address located in Fort Myers, Florida.

12. At all times material hereto, Southern Living was, and continues to be, engaged in business in Florida, with a principal place of business in Lee County, Florida.

13. Southern Living is a home remodeling business, providing services including, but not limited to, gutter and screen enclosure installation, among other

home remodeling and/or improvement services.

14. At all times material hereto, Southern Living was an "employer" as defined by 29 U.S.C. 201 *et seq*.

15. Based upon information and belief, the annual gross revenue of Southern Living was in excess of $500,000.00 per annum during each of the three years preceding the date this Complaint is filed.

16. At all times material hereto, Southern Living was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all times material hereto, Southern Living was an enterprise engaged in "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

18. At all times material hereto, Southern Living had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including hand tools, automobiles, gutters, screen enclosures, and other tools and equipment related to the performance of Defendant's employees' job duties.

## STATEMENT OF FACTS

19. Plaintiff worked for Defendant as a non-exempt installer from November 2021 through August 12, 2025.

4

20. Plaintiff's job duties included, but were not limited to, loading and transporting materials to assigned job sites; installing gutters, soffit, fascia, and screen enclosures; unloading materials; and submitting completed assignments to Defendant.

21. At all times material hereto, Plaintiff was paid a piece rate for his work without regard to the number of hours worked in a workweek.

22. At all times material hereto, Defendant's other similarly situated installer employees were also paid a piece rate for their work without regard to the number of hours worked in a workweek.

23. At all times material hereto, Defendant paid Plaintiff its other similarly situated installers based on a fixed amount for each foot of materials installed.

24. At all times material hereto, Plaintiff and other similarly situated installers routinely worked in excess of forty (40) hours within a workweek during their employments with Defendant.

25. At all times relevant hereto, Defendant was on notice of and/or had knowledge of all hours which Plaintiff and its other installers worked, including all hours worked in excess of forty (40) hours in a workweek.

26. At all times relevant hereto, Defendant failed to maintain accurate time and pay records with respect to Plaintiff and others similarly situated, in violation of

the record-keeping requirements of the FLSA.

27. Despite Defendant being aware of and/or having the ability to track all hours which Plaintiff and its other installers worked, including those hours worked in excess of forty (40) hours per workweek, Defendant failed to do so.

28. At all times material hereto, Defendant failed to compensate Plaintiff and other similarly situated installers at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

29. Plaintiff and Defendant's other similarly situated installers are entitled to be compensated at the rate of one and one-half times their regular rate of pay for their hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

30. Defendant's failure to compensate Plaintiff and all other similarly situated installers at least at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in a single workweek, violated the overtime provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings the instant overtime claim on behalf of all persons who were employed by Southern Living at any time during the three-year period prior to the filing of this Complaint through the entry of judgment in this case; who were employed as "installer" employees or an equivalent title; who were paid

on a piece-rate basis; and who have not been paid at least at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA (the "Collective Action Members").

32. These Collective Action Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

33. As part of their regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Collective Action Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

34. Although Defendant suffered and/or permitted Collective Action Members to perform work in excess of forty hours per workweek in one or more weeks during the relevant period of this action, Defendant has denied them full compensation at the statutorily mandated rate of one and one-half times their regular rate of pay for all hours worked over forty in a single workweek.

35. Collective Action Members perform or have performed the same or similar work as Plaintiff. Specifically, Plaintiff and Collective Action Members all worked as installers under the same or similar working conditions and were subjected to the same pay provisions which violated the FLSA.

36. Collective Action Members are not exempt from the overtime provisions of the FLSA.

37. Defendant's failure to properly pay its installer employees paid on a piece-rate basis at the statutorily mandated overtime rate, as required by the FLSA, results from generally applicable policies or practices that apply to all similarly situated installers, companywide, and does not depend on the personal circumstances of individual Collective Action Members.

38. Plaintiff's experiences with respect to his pay are typical of the experiences of Collective Action Members.

39. Plaintiff's experiences with respect to his job duties are typical of the experiences of Collective Action Members.

40. The specific job titles or precise job responsibilities of each of the Collective Action Members do not prevent collective treatment.

41. All Collective Action Members, irrespective of their particular job requirements, are entitled to compensation for their hours worked in excess of forty (40) in one or more workweeks at a rate of at least time and one-half their regular rate of pay.

42. Although the exact amount of damages may vary among the Collective Action Members, their damages can be easily calculated by a formula.

43. The claims of all Collective Action Members arise from a common nucleus of facts.

44. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective Action Members.

45. Plaintiff and the Collective Action Members held the same job title: installers.

46. As such, the class of employees similarly situated to Plaintiff is properly defined as follows:

> **All current and former installers who were employed by Southern Living at any time within the last three (3) years through the date of judgment, were compensated on a piece-rate basis, and who were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

47. Defendant has violated Title 29 U.S.C. § 207, in that:

   a. Plaintiff, and other installers, worked in excess of forty (40) hours per week during their relevant period of employment with Defendant;

   b. No payments and/or provisions for payment have been made by Defendant to properly compensate Plaintiff, and other installers, at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

      c.      Defendant has failed to maintain proper time records, as mandated by the FLSA.

48. Defendant's failure and/or refusal to properly compensate Plaintiff, and its other installers, at the rates and amounts required by the FLSA was willful, as Defendant knew or with reasonable diligence should have known that it was required to pay its installers a premium rate for all overtime hours worked, but chose not to pay Plaintiff or its other installers at an overtime rate for all overtime hours worked.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

49. Plaintiff realleges and reavers paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. Plaintiff routinely worked in excess of forty (40) hours in a single workweek during his employment with Defendant.

51. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for his hours worked in excess of forty (40) hours in a workweek.

52. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

53. Upon information and belief, the Collective Action Members worked

in excess of forty (40) hours in one or more workweeks in the three (3) years preceding the filing of the Complaint in this action.

54. Upon information and belief, the Collective Action Members were not properly compensated at the statutory rate of one and one-half times their regular rates of pay for their hours worked over forty (40) hours in a workweek, pursuant to Defendant's policy, plan or practice which applies equally to all of its similarly situated installer employees.

55. The Collective Action Members are entitled to be paid at the statutory rate of one and one-half times their regular rates of pay for those hours worked in excess of forty (40) hours in a workweek.

56. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for their hours worked in excess of forty (40) hours in one or more workweeks when they knew, or with reasonable diligence should have known, that overtime premiums were, and are due.

57. Defendant failed and/or refused to properly disclose or apprise Plaintiff and Collective Action Members of their rights under the FLSA.

58. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

59. Defendant did not act in good faith or reliance upon any of the following in carrying out its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

60. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages in an amount equal to the damages owed for unpaid overtime compensation.

61. Plaintiff and Collective Action Members who opt-into this action are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. §216(b);

b. An Order compelling Defendant to disclose in electronic format, or in print to the extent no electronic file(s) exist, the names, and addresses of all proposed Collective Action Members, and authorizing Plaintiff to promptly issue notice to all similarly situated individuals, including the publishing of notice in a manner that is reasonably

      calculated to appraise them of the pendency of this action and their right to joint and participate by filing individual Consent to Join forms pursuant to 29 U.S.C. §216(b);

c. An Order granting judgement in favor of the Plaintiff and against the Defendant;

d. An Order declaring that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA;

e. An Order awarding Plaintiff and the Collective Action Members damages for all overtime premiums owed for all hours worked in excess of forty (40) at the applicable time and one-half rate;

f. An Order awarding an equal amount of all overtime premiums owed as liquidated damages as allowed under the FLSA;

g. An Order awarding post-judgment interest on all wages awarded under the FLSA;

h. An Order awarding pre-judgment interest on the overtime award to the extent liquidated damages are not awarded;

i. An Order awarding reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA; and

j. An Order awarding such other relief as this Court deems necessary or appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff, for himself and on behalf of others similarly situated, by and through the undersigned counsel, hereby demands a trial by jury on all issues so triable.

Dated: September 22, 2025

Respectfully submitted,
*/s/ Corey L. Seldin*
Corey L. Seldin, Esq.
Fla Bar No.: 1026565
**Morgan & Morgan, P.A.**
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) 807-7765
Facsimile: (954) 807-7768
Email: cseldin@forthepeople.com

*Counsel for Plaintiff*